# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

IMARE' FRANKLIN,

    Plaintiff,

v.

BRUNSWICK POLICE DEPARTMENT;
GLYNN COUNTY DETENTION CENTER;
JENNIFER CANNON; and GLYNN
COUNTY DRUG COURT,

    Defendants.

CIVIL ACTION NO.: 2:17-cv-42

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Autry State Prison in Pelham, Georgia, submitted a Complaint pursuant to 42 U.S.C. § 1983, contesting certain events allegedly occurring in Brunswick, Georgia. (Doc. 1.) The Court has conducted the requisite frivolity review of that Complaint. For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** this Complaint for failure to state a claim and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND[1]

Plaintiff filed his Complaint against the above-named Defendants on April 13, 2017. (Id.) Plaintiff alleges that, on March 3, 2017, Defendant Brunswick Police Department ("BPD") abused him physically and psychologically during his arrest and while he was being booked. (Id. at pp. 4–5.) The alleged abuse included a push, verbal threats, and a taser being raised to

---

[1] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

Plaintiff's face. (Id. at p. 7.) Further, Plaintiff alleges that Defendant Glynn County Detention Center failed to stop BPD's abuse while he was in booking and also engaged in abusive behavior toward Plaintiff. (Id. at p. 5.) In addition, Plaintiff contends that the Glynn County Detention Center denied him proper medical care and sufficient food provisions and did not provide for his safety, thereby treating him "with cruel and unusual punishment." (Id.) He also contends that Glynn County Detention Center read his legal mail and violated his Miranda rights.[2] (Id.)

Moreover, Plaintiff contends that, on March 31, 2017, Defendant Jennifer Cannon, his probation officer, falsely testified against him in the Superior Court of Glynn County. (Id. at pp. 3, 5.) According to Plaintiff, this false testimony caused psychological harm, "depriv[ing] him] mentally and emotionally." (Id. at p. 5.) Plaintiff asserts that he was sentenced to fifteen months in prison and subjected to improper medical care by Glynn County Detention Center as a result of Cannon's allegedly false testimony. (Id.) Specifically, Plaintiff states that Glynn County Detention Center was "deliberately indifferent to [his] health and safety" and did not properly treat his skin graft, collapsed lung, body wounds, or psychological abuse. (Id. at p. 7.) As relief for the foregoing claims, Plaintiff requests either monetary damages in an amount sufficient to meet his medical needs or an injunction directing the state of Georgia to pay for his medical treatments. (Id. at pp. 6, 7.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. (Doc. 2.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees

---

[2] In Miranda v. Arizona, the United States Supreme Court recognized a new procedural safeguard, an accused individual's right to counsel during custodial interrogations. 384 U.S. 436, 478–79 (1966). A violation of this right, however, is not cognizable in a Section 1983 action. Jones v. Cannon, 174 F.3d 1271, 1291 (11th Cir. 1999) ("[F]ailing to follow Miranda procedures triggers the prophylactic protection of the exclusion of evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under Section 1983 is created.").

if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law which require the Court to dismiss.

## DISCUSSION

### I. Dismissal of Claims Against Defendant Glynn County Drug Court

#### A. Federal Rule of Civil Procedure 8(a)(2)

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not provide detailed factual allegations, a complaint is insufficient if it offers no more than "labels and conclusions," or "an unadorned, the defendant-unlawfully-

harmed-me accusation." Iqbal, 556 U.S. at 678 (citations omitted). Here, even construing Plaintiff's Complaint liberally, he fails to state a claim against Defendant Glynn County Drug Court. Plaintiff makes no factual allegations against Defendant Glynn County Drug Court in his Complaint. In fact, Plaintiff only mentions Defendant Glynn Drug Court in the case caption. Accordingly, Plaintiff fails to state a claim upon which relief can be granted against Defendant Glynn County Drug Court. See Anderson v. Fulton Cty. Gov't, 485 F. App'x 394 (11th Cir. 2012) (dismissal proper where plaintiff failed to describe any specific allegations against defendant). Therefore, the Court should **DISMISS** Plaintiff's claims against Defendant Glynn County Drug Court.

## B. Eleventh Amendment Immunity

Although Plaintiff clearly failed to state a claim against Defendant Glynn County Drug Court, the Court further notes, out of an abundance of caution, that Plaintiff's claims against the Glynn County Drug Court are also barred by sovereign immunity under the Eleventh Amendment. As a division of the Glynn County Superior Court, a suit against the Glynn County Drug Court would be the same as a suit against the State of Georgia. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98–100 (1984)). A lawsuit against a state agency or employee in its official capacity is no different from a suit against a state itself; such a defendant is immune. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). In enacting Section 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Arms or agencies of the state, such as the Superior Courts and the

Department of Corrections, are therefore immune from suit. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam ) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit."); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Pugh v. Balish, 564 F. App'x 1010, 1013 (11th Cir. 2014) ("In addition, the Eleventh Amendment bars [plaintiff's] claims against the [superior court judge], since [plaintiff] is suing a state official, in federal court, for damages resulting from actions taken by the judge in his official capacity."); Stevens, 864 F.2d at 115 (Georgia Department of Corrections is barred from suit by Eleventh Amendment).

Because the State of Georgia would be the real party in interest in a suit against the Glynn County Drug Court, the Eleventh Amendment immunizes this Defendant from suit. Thus, Eleventh Amendment sovereign immunity provides independent, additional grounds for the Court to **DISMISS** Plaintiff's putative Section 1983 claims against Defendant Glynn County Drug Court.

## II. Dismissal of Claims Against Defendants BPD and Glynn County Detention Center

### A. Whether BPD and Glynn County Detention Center are "Persons" Under Section 1983

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. While local governments qualify as "persons" under Section 1983, local police departments and penal institutions are generally not considered legal entities subject to suit. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually

considered legal entities subject to suit . . . .") (citations omitted); Williams v. Chatham Cty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. Aug. 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983."); Shelby v. Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing the Atlanta Police Department for not being a proper Section 1983 defendant). Consequently, neither the BPD nor the Glynn County Detention Center is a viable Defendant in Plaintiff's Section 1983 action *sub judice*. Therefore, the Court should **DISMISS** Plaintiff's claims against Defendants BPD and Glynn County Detention Center because they are not proper party Defendants in a Section 1983 action.

### B. Federal Rule of Civil Procedure 8(a)(2)

Even if the BPD and the Glynn County Detention Center were viable Defendants under Section 1983, Plaintiff's claims against these Defendants would fail under the Federal Rules of Civil Procedure due to Plaintiff's insufficient factual allegations. As stated above, Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not provide detailed factual allegations, a complaint is insufficient if it offers no more than "labels and conclusions," or "an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citations omitted).

Here, even construing Plaintiff's Complaint liberally, he fails to state a claim against Defendants BPD and Glynn County Detention Center. Plaintiff's factual allegations against these parties are wholly conclusory and amount to nothing more than labels. For example, throughout his Complaint, Plaintiff alleges that both BPD and Glynn County Detention Center "abuse[d]" and "verbally threat[ened]" him, (doc. 1, pp. 5, 7), yet he includes no specific factual

allegations constituting the alleged abuse and threats.[3] Likewise, he also alleges, without any factual support, that these Defendants treated him with "cruel and unusual punishment" and were "deliberately indifferent" to his health and safety. (Id.) Such bare legal conclusions will not suffice. Iqbal, 556 U.S. at 679 (noting that "legal conclusions . . . must be supported by factual allegations"). Accordingly, Plaintiff fails to state a claim upon which relief can be granted against Defendants BPD and Glynn County Detention Center. See Anderson v. Fulton Cty. Gov't, 485 F. App'x 394 (11th Cir. 2012) (dismissal proper where plaintiff failed to describe any specific allegations against defendant). Therefore, the Court should **DISMISS** Plaintiff's claims against Defendants BPD and Glynn County Detention Center.

### III.  Dismissal of Claims Against Defendant Cannon

Like Plaintiff's claims against the other named Defendants, his assertions against Defendant Cannon fail to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not provide detailed factual allegations, a complaint is insufficient if it offers no more than "labels and conclusions," or "an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citations omitted).

Even construing Plaintiff's Complaint liberally, he fails to state a claim against Defendant Cannon because he only asserts legal conclusions against her. To be sure, Plaintiff does aver that Defendant Cannon spoke "false offense and witness" against him while testifying in Glynn County Superior Court and caused him emotional distress, (doc. 1, p. 5), but he pleads

---

[3] The Court acknowledges Plaintiff's only specific factual assertions: the BPD "pushed" him and Captain Austin "raised a taser" to his face. (Doc. 1, p. 7.) Taking these facts as true, which the Court must do at the frivolity review stage, Plaintiff still fails to state a plausible claim for relief because these assertions alone do not amount to a violation of Plaintiff's constitutional rights.

8

no facts concerning the content of her allegedly perjured, injurious statements. Accordingly, Plaintiff fails to state a claim upon which relief can be granted against Defendant Cannon. See Anderson v. Fulton Cty. Gov't, 485 F. App'x 394 (11th Cir. 2012) (dismissal proper where plaintiff failed to describe any specific allegations against defendant). Therefore, the Court should **DISMISS** Plaintiff's claims against Defendant Cannon.[4]

## IV. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[5] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or

---

[4] Assuming, *arguendo*, that Plaintiff stated sufficient facts about Defendant Cannon's alleged perjury, his claims would still be barred by the doctrine of witness immunity. This doctrine protects witnesses, including law enforcement officers testifying in criminal proceedings, from subsequent civil liability for the testimony they give, perjured or otherwise. Briscoe v. Lahue, 460 U.S. 325, 326, 334–37, 344 (1983) (holding that persons convicted of crimes could not bring Section 1983 claims against police officers who gave perjured testimony at their trials because the officers were entitled to absolute immunity for their testimony).

[5] A certificate of appealability is not required in this Section 1983 action.

9

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** that the Court **DISMISS** this Complaint for failure to state a claim and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of October, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA